UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

MARCUS BONNER,

                                        Plaintiff,

          -against-

CITY OF NEW YORK, STEVEN MOYLAN, Individually, and
JOHN and JANE DOE 1 through 10, Individually, (the names John
and Jane Doe being fictitious, as the true names are presently
unknown),

                                        Defendants.

------------------------------------------------------------------------------X

**COMPLAINT**

Index No.:

Jury Trial Demanded

          Plaintiff MARCUS BONNER, by his attorneys, Brett H. Klein, Esq., PLLC, complaining

of the defendants, respectfully alleges as follows:

### **Preliminary Statement**

          1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts

supplemental state law claims.

### **JURISDICTION**

          2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

          3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### **VENUE**

          4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

**PARTIES**

6.     Plaintiff MARCUS BONNER is a twenty-nine-year-old African American resident of the State of New York, Bronx County.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.     That at all times hereinafter mentioned, the individually named defendants, STEVEN MOYLAN, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.    That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

2

## FACTS

12.     On May 1, 2015 at approximately 2:00 p.m., on the public street and sidewalk on Montauk Ave., near the corner of Hegeman Avenue, across the street from 1019 Hegeman Avenue, Brooklyn, New York, defendant NYPD officers STEVEN MOYLAN and JOHN DOE 1, without justification, and unnecessarily, unreasonably and otherwise unlawfully assaulted and battered plaintiff.

13.     During the assault, an officer deployed a Taser conducted energy device to plaintiff's back, and struck plaintiff with a metal baton.

14.     Plaintiff was then thrown to the ground.

15.     After plaintiff was thrown to the ground, an officer again deployed a Taser to plaintiff's back, and plaintiff was further offensively and otherwise needlessly touched by the officers with their hands and bodies, plaintiff's face was pressed into the ground, and he was handcuffed.

16.     Plaintiff was transported to the NYPD's 75th precinct, and then to Brookdale University Hospital and Medical Center, where plaintiff received emergency medical treatment for the injuries inflicted via defendants' use of unnecessary force.

17.     Plaintiff was returned to the 75th precinct, and then taken to Central Booking in Brooklyn, where he was arraigned on charges sworn to by defendant MOYLAN, based on false information he conveyed to the Kings County District Attorney's Office resulting in criminal charges of resisting arrest being filed under Kings County Criminal Court Docket No. 2015KN027505 for the collateral objectives of, without limitation, avoiding disciplinary action for the aforementioned use of excessive force.

18.     Defendant MOYLAN deprived plaintiff of his right to a fair trial by conveying

3

and swearing to said false allegations. Specifically, MOYLAN falsely alleged that BONNER resisted a lawful arrest by swinging his arms.

19.     Plaintiff was held in custody until May 2, 2015, when he was arraigned in Kings County Criminal Court and granted an adjournment in contemplation of dismissal. All charges have since been dismissed and sealed.

20.     Defendants JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

21.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

22.     All of the aforementioned acts deprived plaintiff MARCUS BONNER of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

23.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

24.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

25.     Defendants, collectively and individually, while acting under color of state law,

4

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

26.    All of the above occurred as a direct result of the unconstitutional policies,

customs or practices of the City of New York, including, without limitation, the inadequate

screening, hiring, retaining, training and supervising its employees, and pursuant to customs or

practices of falsification, use of excessive force, of lax investigations of police misconduct, and

of covering up abuse by fellow officers.

27.    The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK

is aware (from lawsuits, notices of claims, and complaints field with the NYPD'S Internal

Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many

NYPD officers, including the defendants, are insufficiently trained regarding the use of force,

engage in a practice of falsification, and engage in cover ups of police abuse to avoid discipline

for their unlawful conduct.

28.    For instance, in another civil rights action filed in this court involving false

allegations by NYPD officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as
> well as knowledge of cases in other federal and state courts, has
> revealed anecdotal evidence of repeated, widespread falsification
> by arresting police officers of the New York City Police
> Department . . . . [T]here is some evidence of an attitude among
> officers that is sufficiently widespread to constitute a custom or
> policy by the city approving illegal conduct of the kind now
> charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2
> (E.D.N.Y. 2009).

29.    Defendant CITY OF NEW YORK is further aware that such improper training

has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW

YORK has failed to take corrective action.  This failure caused the officers in the present case to

violate the plaintiff's civil rights.

30.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

31.     As a result of the foregoing, plaintiff MARCUS BONNER sustained, *inter alia*, physical injuries, emotional distress, and deprivation of his constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983 against Defendants Moylan and John Doe 1)

32.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff MARCUS BONNER'S constitutional rights.

34.     As a result of the aforementioned conduct of defendants, plaintiff MARCUS BONNER was subjected to excessive force and sustained serious physical injuries and emotional distress.

35.     As a result of the foregoing, plaintiff MARCUS BONNER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983 against Defendant Moylan)

36.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.     Defendant STEVEN MOYLAN issued criminal process against plaintiff MARCUS BONNER by causing his arrest and prosecution in a criminal court.

38.     Defendant STEVEN MOYLAN caused plaintiff MARCUS BONNER to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for his and his fellow officer's acts of brutality, and thereby violated plaintiff's right to be free from malicious abuse of process.

39.     As a result of the foregoing, plaintiff MARCUS BONNER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Violation of Right to Fair Trial under 42 U.S.C. § 1983 against Defendant Moylan)

40.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     Defendant STEVEN MOYLAN created false evidence against plaintiff MARCUS BONNER.

42.     Defendant STEVEN MOYLAN utilized this false evidence against plaintiff MARCUS BONNER in legal proceedings.

43.     As a result of defendant STEVEN MOYLAN'S creation and use of false evidence, plaintiff MARCUS BONNER suffered a violation of his constitutional rights to a fair

7

trial, as guaranteed by the United States Constitution.

44.     As a result of the foregoing, plaintiff MARCUS BONNER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983 against the Individually Named Defendants)

45.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.     Defendants had an affirmative duty to intervene on behalf of plaintiff MARCUS BONNER, whose constitutional rights were being violated in their presence by other officers.

47.     The defendants failed to intervene to prevent the unlawful conduct described herein.

48.     As a result of the foregoing, plaintiff MARCUS BONNER was subjected to excessive force, he was denied his right to a fair trial, and he was put in fear of his safety.

49.     As a result of the foregoing, plaintiff MARCUS BONNER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983 against John/Jane Doe Defendants)

50.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.     The supervisory defendants personally caused plaintiff's constitutional injury by

being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

52.     As a result of the foregoing, plaintiff MARCUS BONNER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York)

53.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

55.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, using excessive force against individuals – including improperly training and supervising NYPD officers to deploy the Taser when lesser and/or otherwise more reasonable means of force are available – as well as a policy of then covering up said acts by manufacturing evidence and otherwise engaging in falsification, thereby depriving individuals of their right to a fair trial.  In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff MARCUS BONNER'S rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the

9

individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

56.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff MARCUS BONNER.

57.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff MARCUS BONNER as alleged herein.

58.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff MARCUS BONNER as alleged herein.

59.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff MARCUS BONNER was unlawfully seized, detained, incarcerated, searched, prosecuted, and subjected to physical abuse.

60.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff MARCUS BONNER'S constitutional rights.

61.     All of the foregoing acts by defendants deprived plaintiff MARCUS BONNER of federally protected rights, including, but not limited to, the right:

        A.     To be free from excessive force;

        B.     To receive a fair trial; and

        C.     To be free from the failure to intervene.

62.     As a result of the foregoing, plaintiff MARCUS BONNER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**Supplemental State Law Claims**

63.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

65.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

66.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

67.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

68.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Assault under the laws of the State of New York against Defendants Moylan, John Doe 1, and City of New York)

69.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70.     As a result of the foregoing, plaintiff MARCUS BONNER was placed in

11

apprehension of imminent harmful and offensive bodily contact.

71.     As a result of defendant's conduct, plaintiff MARCUS BONNER has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

72.     The individually named defendants assaulted plaintiff.  Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

73.     As a result of the foregoing, plaintiff MARCUS BONNER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Battery under the laws of the State of New York against Defendants Moylan, John Doe 1, and City of New York)

74.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75.     Defendants made offensive contact with plaintiff MARCUS BONNER without privilege or consent.

76.     As a result of defendants' conduct, plaintiff MARCUS BONNER has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

77.     The individually named defendants battered plaintiffs.  Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

12

78.     As a result of the foregoing, plaintiff MARCUS BONNER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York against Defendants Moylan and City of New York)

79.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80.     Defendant STEVEN MOYLAN issued criminal process against plaintiff MARCUS BONNER by causing him to be arrested and causing his appearance in Kings County Criminal Court.

81.     Defendant STEVEN MOYLAN compelled plaintiff's appearance to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for him and his fellow officers for their abuse of authority.

82.     Defendant City, as employer of STEVEN MOYLAN, is responsible for his wrongdoing under the doctrine of *respondeat superior*.

83.     As a result of the foregoing, plaintiff MARCUS BONNER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York against Defendant City of New York)

84.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

13

paragraph numbered "1" through "83" with the same force and effect as if fully set forth herein.

85.     Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who assaulted and battered and manufactured evidence against plaintiff MARCUS BONNER.

86.     Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

87.     As a result of the foregoing, plaintiff MARCUS BONNER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York against Defendant City of New York)

88.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89.     Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who assaulted and battered plaintiff, maliciously issued criminal process to plaintiff, and who deprived plaintiff of his right to a fair trial.

90.     As a result of the foregoing, plaintiff MARCUS BONNER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

14

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligence under the laws of the State of New York against defendants Moylan, John Doe 1,
and City of New York)

91.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of defendant CITY OF NEW YORK and its employee defendants STEVEN MOYLAN and JOHN DOE 1, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

93.     Defendant City, as employer of defendants STEVEN MOYLAN and JOHN DOE 1, is responsible for their negligent acts under the doctrine of *respondeat superior*

94.     As a result of the foregoing, plaintiff MARCUS BONNER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff MARCUS BONNER demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
      January 18, 2016

BRETT H. KLEIN, ESQ., PLLC
Attorneys for Plaintiff MARCUS BONNER
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

By: _____
      BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

MARCUS BONNER,

                                       Plaintiff,

      -against-

CITY OF NEW YORK, STEVEN MOYLAN, Individually, and
JOHN and JANE DOE 1 through 10, Individually, (the names John
and Jane Doe being fictitious, as the true names are presently
unknown),

                                    Defendants.

-------------------------------------------------------------------------------X


**COMPLAINT**


**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132